# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KATHERINE BOUDREAUX BEBONING,**

      **Plaintiff,**

-vs-              Case No. 6:08-cv-2001-Orl-18GJK

**RADIOSHACK CORPORATION,**

      **Defendant.**

## REPORT AND RECOMMENDATION
**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR SANCTIONS (Doc. No. 21)** |
| **FILED:** | **September 29, 2009** |

**THEREON** it is **RECOMMENDED** that the **MOTION** be **DENIED.**

  On November 26, 2008, Plaintiff Katherine L. Boudreaux Beboning ("Plaintiff") filed a Complaint ("Complaint") against Radio Shack Corporation ("Defendant"). Doc. No. 1 (as amended at Doc. No. 10). On April 9, 2009, Plaintiff perfected service of the Complaint on Defendant. Doc. No. 13. Pursuant to Local Rule 3.04(c)(2)(B): "Counsel and any unrepresented party shall meet within 60 days after service of the complaint upon any defendant, or the first appearance of any defendant . . . The Case Management Report must be filed within 14 days after the meeting." Local Rule 3.04(c)(2)(B). Thus, the deadline to hold a Case Management

Conference was June 8, 2009, and a Case Management Report was due on or before June 22, 2009. On July 14, 2009, the Court entered an Order to Show Cause directed to Plaintiff to show cause why the case should not be dismissed for failure to prosecute due to the non-filing of a Case Management Report pursuant to the Local Rule. Doc. No. 17. On July 28, 2009, Plaintiff filed a response ("Response") to the Order to Show Cause stating counsel for Plaintiff attempted to contact counsel for Defendant in early June. Doc. No. 19, ¶ 2. Plaintiff's counsel stated that he moved offices and inadvertently did not follow up with counsel for Defendant as to scheduling a Case Management Conference. *Id.*, ¶ 3. Plaintiff's counsel stated that following the issuance of the Order to Show Cause, he attempted to contact Defendant's counsel several times but received no response. *Id.*, ¶ 4.

On July 29, 2009, Defendant filed a response to Plaintiff's Response with an incorporated Motion for Sanctions (the "Motion"). Doc. No. 21. Defendant's counsel states that neither he nor his assistant received any form of communication from the Plaintiff in early June or following the Order to Show Cause. *Id.* Thus, Defendant maintains that Plaintiff's Response is false. *Id.* Defendant seeks dismissal of this action "because Plaintiff's counsel has failed to demonstrate good cause for his failure to meet his obligation to arrange for and file the Case Management Report." *Id.* at 2. Defendant states dismissal is also warranted due to Plaintiff's counsel's misrepresentations to the Court. *Id.* at 3. Defendant seeks an award of fees incurred in filing the Motion. *Id.* Attached to the Motion is an affidavit of Ashley M. Chrisman, legal assistant to Defendant's counsel. Doc. No. 21-2. Ms. Chrisman states she was first contacted by Plaintiff's counsel's office on July 28, 2009. *Id.*

On August 14, 2009, the parties jointly filed a Case Management Report. Doc. No. 23. On October 9, 2009, Plaintiff filed a response in opposition ("Opposition") to the Motion

2

wherein Plaintiff requests that the case not be dismissed. Doc. No. 27. Plaintiff attached an affidavit from Plaintiff's counsel's assistant, Stephanie M. Rogers, which states that on April 30, 2009, she called Defendant's counsel's office which, given her ordinary practices, she surmises was for the purpose of addressing the Case Management Report and left a message requesting that someone return her call. Doc. No. 27-2.[1]

"The district court possesses the inherent power to police its docket." *Collins v. Lake Helen, L.P.*, 249 Fed. Appx. 116, 120 (11th Cir. 2007) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962)). "The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.* (quoting *Mingo v. Sugar Cane Growers Co-op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989)).

Under the Local Rules, both parties bear the burden to hold a Case Management Conference, prepare a Case Management Report and file it with the Court. Each party accuses the other of failing to communicate and they present conflicting versions of the facts. The affidavit provided by Plaintiff's counsel, at best, shows that his assistance may have called opposing counsel on April 30, 2009, to address case management issues and left a message requesting a return phone call. Doc. No. 27-2 at 1-2. It appears the Defendant did not make any effort to facilitate a Case Management Conference or the timely filing of a Case Management Report. Thus, both parties failed to make a timely and reasonable effort to discharge their obligation under the Local Rule. *See* above at 1. However, a Case Management Report has since been filed in the case. Doc. Nos. 23. Thus, the Court does not recommend that sanctions

---

[1] After the deadline for addressing and providing a Case Management Report had passed, on or about June 11-12, 2009, Ms. Rogers states that she made multiple phone calls to various attorneys' offices to schedule meetings and conferences and she spoke with Defendant's counsel's office, but the call was not documented and she does not recall who she spoke to. *Id.* She states that on July 22, 2009, she left a voicemail message for Defendant's counsel's assistant and a phone message with the receptionist. *Id.* She states that she attempted further contact on July 24, 28, 29 and 30. *Id.*

are warranted under these circumstances. Accordingly, it is recommended that the Motion (Doc. No. 21) be **DENIED**. The parties are directed to put forth better efforts in communicating with one another and to document such efforts.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 21, 2009.

Copies furnished to:
The Honorable John Antoon II
Counsel of Record
Unrepresented Party

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

4